RICHARD WEST AND GEORGE P. JOLINE, APPELLANTS, v. BOROUGH OF MONMOUTH BEACH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted October 30, 1930—Decided February 2, 1931.

For the appellants, *Applegate, Stevens, Foster & Reussille* (*Lester C. Leonard,* of counsel).

For the respondent, *Maurice A. Potter.*

The opinion of the court was delivered by

TRENCHARD, J.   This is the appeal of the plaintiffs below from a judgment entered upon a directed verdict in favor of the defendant borough.

At the trial these matters of fact appeared without substantial dispute:   The two plaintiffs, West and Joline, without any advertisement for bids, offered to rent from the borough "the Monmouth Beach bathing pavilion and adjoining beach" for the season of 1928 for $650.   The offer was

accompanied by a check for $325. The matter was submitted to the municipal council and it was voted that the offer be accepted and the borough solicitor authorized "to draw up a contract covering the rental of the Monmouth Beach bathing pavilion." Later, without a lease having been signed, an employe of the borough named Goodell gave the keys to the pavilion to the plaintiffs and they took possession. Thereafter a lease was tendered to the plaintiffs containing a clause that "all residents and taxpayers of the borough of Monmouth Beach shall have access to and from the public beach," which they refused to sign, but kept possession of the pavilion. Thereupon the borough council passed a resolution reciting that all residents and taxpayers of the borough "shall have the right to use the borough bathing beach, showers and parking space at the small bathing pavilion free of charge." Pursuant to that resolution many people during the season used the beach and showers and parking space, against the protests of the plaintiffs and without paying them anything for the privilege. Again, later, the borough demanded execution of the tendered lease or surrender of the premises in question, and obtained neither. It then sued in the District Court for the use and occupation of the premises and the case was settled before trial by the defendants therein (the present plaintiffs) paying the borough.

After all which plaintiffs brought this suit against the borough for damages for interference with the alleged leasehold rights of plaintiffs, the first count averring interference with a leasehold, and the second interference in breach of a "contract for rental."

We think that the direction of a verdict for the borough was proper.

We pass over certain incidental, but not vital questions, interestingly discussed in the briefs, and go directly to the fundamental question raised by the record and thoroughly argued.

We think that the proofs disclose no corporate power legally employed.

The premises in question were owned, held and used by the borough for public park purposes.

The general rule is that authority must be conferred by statute to enable a municipality to lease lands held and used for public park purposes. *Seward* v. *Orange,* 59 *N. J. L.* 331; *Fessler* v. *Union,* 67 *N. J. Eq.* 14; *McQuillan Municipal Corporations,* (*2d ed.*), §§ 1243, 1247.

That is not disputed; but the plaintiffs say that we have such a statute. That is true; but it imposes certain prerequisites to such a letting, which, as we shall now show, were absent in the present case. The statute (known as the Home Rule act) governing the rights of the municipality, so far as its power to rent lands and buildings owned by it is concerned, provides that the governing body may lease "any part of any public park, or place of public resort, owned by it and not presently needed for the purpose for which it was acquired, or any building, or portion thereof thereon not so needed, for any period not exceeding two years. * * * Any such letting shall be to the highest responsible bidder therefor. The letting thereof shall be advertised in some newspaper circulating in the municipality, at least ten days prior to the receipt of bids." *Pamph. L.* 1917, *p.* 455, *art.* 36, § 13. The act of 1909 (*Pamph. L., p.* 128, amended by *Pamph. L.* 1910, *p.* 232), which contains no provision for advertisement, even though its title was amended by *Pamph. L.* 1926, *p.* 33, does not supersede the Home Rule act in respect to advertisement.

It is therefore apparent from this statutory provision that, in order to render the alleged lease or contract for rental valid, it was essential that the property should not have been then needed for the purpose for which it was acquired. There was no such showing. On the contrary the resolution of the governing body authorizing the public user of the property, notwithstanding the attempted lease, showed that the property, which was the only public bathing beach in the borough, was presently needed. Considering the statutory provision further, it is likewise apparent that, in order to render the alleged lease or contract for rental valid, it was essential that the letting should have been advertised prior to the reception of bids, and the letting made to the highest responsible bid-

der. Nothing of the kind occurred in the present case. On the contrary it appeared that there was no advertisement for bids.

It is quite clear that the municipality could not make a valid and binding contract for the letting of this public park property without observing and complying with those statutory prerequisites of which the plaintiffs were bound to take notice. *Schumm* v. *Seymour, 24 N. J. Eq.* 143; *New Jersey, &c., Tel. Co.* v. *Fire Commissioners, 34 Id.* 117; *affirmed, Ibid.* 580; *Van Reipen* v. *Jersey City, 58 N. J. L.* 262; *Faist* v. *Hoboken, 72 Id.* 361; *Jersey City Supply Co.* v. *Jersey City, 71 Id.* 631; *Hill Dredging Co.* v. *Ventnor City, 77 N. J. Eq.* 467.

It is true that, after the passage of the original resolution, the plaintiffs entered into possession, and thereafter settled out of court a suit for use and occupation; but an attempted rental or a contract for rental of public park property which is illegal because of failure of the municipality to observe and comply with such statutory prerequisites cannot be made legal and binding upon the borough by part performance by both parties, or by the payment by the alleged lessee and acceptance by the municipality of the consideration money or money for use and occupation of the property. *Jersey City Supply Co.* v. *Jersey City, supra; Hill Dredging Co.* v. *Ventnor City, supra.*

For these reasons we think the direction of a verdict was right.

The question whether or not the plaintiffs have a remedy by suit to recover the moneys paid as rent, after deducting a reasonable sum for use and occupation, we have not considered.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.