WHIRL-O-BALL, INC., A BODY CORPORATE, LAURA APOSTOLOS, GEORGE K. APOSTOLOS AND GEORGE N. BREMBOS, PROSECUTORS, v. CITY OF ASBURY PARK, A MUNICIPAL CORPORATION IN THE COUNTY OF MONMOUTH, AND BENJAMIN A. CARDILLA, DEFENDANTS.

Argued January 23, 1947—Decided April 3, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the prosecutors, *Ward Kremer.*

For the defendant City of Asbury Park, *Charles Frankel* (*Milton M. Unger,* of counsel).

For the defendant Benjamin A. Cardilla, *Thomas F. Shebell.*

The opinion of the court was delivered by

EASTWOOD, J. *Certiorari* has been allowed to review a resolution adopted by the mayor and council of the City of Asbury Park on March 19th, 1946, whereby certain Boardwalk premises known as stores Nos. 1310-16 Boardwalk, were leased by the defendant city to the defendant Benjamin A. Cardilla, trading as Convention Hall Amusements, for a term of three years commencing January 1st, 1946, and ending December 31st, 1948, at an annual rental of $8,200. The prosecutor, Whirl-O-Ball, Inc., in which the individual prosecutors are stockholders, had previously occupied the premises for a period of thirteen years under leases, the last of which expired on December 31st, 1945. It appears from the testimony, on the application for the present writ, that after the premises were let to the successful bidder, the defendant Cardilla, the prosecutor, Whirl-O-Ball, Inc., sold all its goods, chattels, and fixtures, in the demised premises to the defendant Cardilla for $3,000. A bill of sale to that effect has been admitted in evidence.

The action of the municipal authorities in leasing the premises in question to the defendant Cardilla is attacked on the ground that it is violative of the provisions of *R. S.* 40:61–36, *et seq.* This particular legislation is known as *Pamph. L.* 1937, *ch.* 172, and provides, *inter alia,* that the governing body of every municipality bordering on the Atlantic Ocean may lease, rent or hire, the whole or any part of any public parks, recreation grounds or places of public resort, owned by it and not presently needed by the municipality for municipal purposes, or any building or portion thereof located therein, for any period not exceeding five years. The act further requires that such letting shall be to the highest responsible bidder therefor, and shall be publicly advertised in some newspaper circulating in the municipality at least ten days prior to the receipt of bids. It has been stipulated by the respective parties that there was no advertising of the letting in any newspaper circulating in Asbury Park or elsewhere. It is contended that such failure to comply with the legislative mandate is dispositive of the entire matter, and

that the attempted letting by the City of Asbury Park to the defendant Cardilla was, therefore, unlawful and void. On the other hand, it is maintained by the defendants that *R. S.* 40:61–36, *et seq.,* is but an alternative method or means concerning the letting of such property, and that there is other legislation, not requiring advertisement, ample to sustain the resolution authorizing the lease in question. Among the acts so cited in defendants' brief are, *R. S.* 40:176–17; *Pamph. L.* 1925, *ch.* 248, § 3, applying to fourth class cities; *R. S.* 40:179–116; *Pamph. L.* 1900, *ch.* 99, § 4, as amended by *Pamph. L.* 1904, *ch.* 86, § 2; *Pamph. L.* 1919, *ch.* 252, § 1, applying to municipalities bordering on the Atlantic Ocean; *R. S.* 40:61–1 (g); *Pamph. L.* 1917, *ch.* 152, commonly known as the Home Rule Act, applying to all municipalities; and *R. S.* 40:55A–5; *Pamph. L.* 1936, *ch.* 160, known as the Beach Commission Law of 1936, which although no longer applicable, it is claimed, authorized such action. It is further contended by the defendants that *R. S.* 40:61–36 *et seq.,* relied upon by the prosecutors, does not supersede the foregoing legislative enactments, but simply provides an alternative and additional procedure to the other existing statutory authority, and argue that the defendant municipality was at liberty to choose such procedure as it might deem advisable under the circumstances.

We deem that *R. S.* 40:61–36, *et seq.; Pamph. L.* 1937, *ch.* 172, is dispositive of the issue. As stated, the act requires that any such letting as that under consideration, shall be to the highest responsible bidder therefor, after public advertisement for at least ten days prior to the receipt of bids. It is common knowledge that leases of the type under review have been the subject of considerable litigation in the past, and in many instances, the award by the governing body of leases, without public advertisement of the same, has worked a hardship upon the taxpayers of the municipality concerned. The Home Rule Act of 1917, relied upon by the prosecutors, was specifically designed to discourage and prevent the leasing of municipally owned properties without full and ample opportunity being given to the public to scrutinize the pro-

posed action and appear before the governing body, so that the merits of the proposed action could be fully aired and discussed. It is also well-known that public bidding, upon advertisement duly made, is conducive to the submission of better and higher bids in the majority of instances. It is urged by the defendant Cardilla that the mere fact that a person is the highest responsible bidder, does not mean necessarily that he is a person who should be allowed to operate a concession in a public place, such as the Boardwalk, in the City of Asbury Park. Suffice it to say that the term "responsible bidder" contained in *R. S.* 40:61–36, *et seq.*, gives the municipal authorities ample power to control the award of the lease to such person or persons as may be deemed fit holders thereof for the best interests of the public.

The Home Rule Act of 1917, which is applicable to all municipalities, requires that leases of the type in question shall be awarded to the highest responsible bidder therefor, after public advertisement of at least ten days prior to the receipt of bids. In this respect it is identical with the provisions of *R. S.* 40:61–36, *et seq.; Pamph. L.* 1937, *ch.* 172. For the purpose of ascertaining the legislative intent of the latter statute, we have had recourse to the statement annexed to the original bill introduced in the legislature. The statement enunciates that the purpose of the act, among other things, is to give municipalities bordering on the Atlantic Ocean the privilege of leasing municipal owned property for a period of not exceeding five years. It further recites, that fourth class cities bordering on the Atlantic Ocean, at present (1937) have such power even without advertising. The statement then goes on to say, that the interests of the municipality are protected by requiring that the letting be to the highest responsible bidder after advertising. We hold that it is in the public interest that leases of the type under review be awarded only after due advertisement of the proposed letting is freely circulated in the public press, and then only to the highest responsible bidder. It is admitted that the requirement of public advertisement was not complied with in the matter at bar. In *West* v. *Monmouth Beach,* 107

*N. J. L.* 445; 153 *Atl. Rep.* 495, the Court of Errors and Appeals, speaking through Mr. Justice Trenchard, in a similar case, said:

"Any such letting shall be to the highest responsible bidder therefor. The letting thereof shall be advertised in some newspaper circulating in the municipality, at least ten days prior to the receipt of bids. *Pamph. L.* 1917, *p.* 435, *art.* 36, § 13. The act of 1909 (*Pamph. L., p.* 128, amended by *Pamph. L.* 1910, *p.* 232), which contains no provision for advertisement, even though its title was amended by *Pamph. L.* 1926, *p.* 33, does not supersede the Home Rule Act in respect to advertisement."

The holding in *West* v. *Monmouth Beach, supra,* is still the law of this state. The Home Rule Act is still in effect and is applicable to the City of Asbury Park. *R. S.* 40:61–36, *et seq.; Pamph. L.* 1937, *ch.* 172, is the latest statutory expression on the subject, and is likewise applicable to the City of Asbury Park. The defendants are charged with notice thereof. The resolution of the defendant municipality awarding the lease in question to the defendant Cardilla is in direct violation thereof.

The resolution of March 19th, 1946, is, therefore, set aside, and for nothing holden.